**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ABU DHABI INVESTMENT AUTHORITY,

Plaintiff,

vs.

MYLAN N.V. and MYLAN INC.,

Defendants.

Civil Action No. 1:20-cv-01342-JPO

**STIPULATED PROTECTIVE ORDER**

Discovery requests and subpoenas served in the above-captioned action (the "Action") may call for the production of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than litigating this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

1.      **DEFINITIONS**

1.1.    <u>Party</u>: any party in the Action, including all of its officers, directors, principals, employees, Consultants, Experts and Outside Counsel, as defined below.

1.2.    <u>Non-Party</u>: any entity that is not a named party to the Action.

1.3.    <u>Discovery Material</u>: all documents, items or other information—regardless of the medium or manner generated, stored or maintained—including, among other things, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information ("ESI"), tangible things and/or other information produced, given, exchanged by or obtained from any Party or Non-Party during discovery in this Action that are produced or generated in disclosures or responses

to discovery in this Action (whether produced pursuant to Federal Rule of Civil Procedure 34,
subpoena or otherwise). This includes any material produced, filed or served by any Party or
person during discovery in this Action, or any information included in any such material.
Discovery Material produced, exchanged or disclosed in this Action shall be used only for the
purposes of this Action, and not for any other proceeding or business, competitive, personal,
private, public or other purpose.

      1.4.   <u>CONFIDENTIAL Information or Items</u>: Discovery Material that has not been
made public by the Producing Party, or Designating Party if different than the Producing Party,
and that the Producing Party, or Designating Party if different than the Producing Party,
reasonably and in good faith believes qualifies for protection under standards developed under
Federal Rule of Civil Procedure 26(c), including: (a) non-public, confidential, proprietary or
commercial information not readily ascertainable through lawful means by the public or the
Receiving Party; (b) information that is commercially sensitive, including, without limitation,
confidential research or business development information; (c) information kept confidential
pursuant to law or regulation; (d) material that identifies an individual in any manner and relates
to the past, present or future care, services or supplies regarding the physical or mental health or
condition of such individual, the provision of health care to such individual or the payment for
the provision of health care to such individual, and shall also include without limitation
"protected health information" as such term is defined by the Standards for Privacy of
Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant
to the Health Insurance Portability and Accountability Act ("HIPAA"), including prescriptions,
prescription notes, prescription records, prescription drug event reports, medical bills, claims
forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices,

itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, summaries or oral communications; and (e) an individual's family, financial, medical, personnel records or other highly sensitive or personally identifying information.

1.5.    <u>HIGHLY CONFIDENTIAL Information or Items</u>: Discovery Material that contains competitive or highly sensitive information and which the Designating Party reasonably and in good faith believes is "CONFIDENTIAL" as set forth under Paragraph 1.4 above, such as, *inter alia:* (a) trade secrets; (b) confidential research, development, testing and studies relating to drug products; (c) sensitive financial or strategic commercial information; (d) material or information in possession of a Party or person concerning which said Party or person has an independent obligation of confidentiality to a Party, Non-Party or person; (e) information relating to past, current or future pharmaceutical products other than the generic pharmaceutical products at issue in this Action; (f) claims and reimbursement data; (g) information protected by foreign, federal or state privacy laws; and (h) agreements with third parties. In addition, with regard to subparagraphs (a), (b), (c) and (e), the Designating Party must also reasonably and in good faith believe that disclosure of this information is likely to cause harm to its competitive position.

1.6.    <u>OUTSIDE COUNSEL EYES ONLY Information or Items</u>: Discovery Material that contains highly competitive or highly sensitive information and which the Designating Party reasonably and in good faith believes is: (a) "CONFIDENTIAL" as set forth under Paragraph 1.4 above or "HIGHLY CONFIDENTIAL" as set forth under Paragraph 1.5 above; and either (b) contains information, the disclosure of which is likely to have a significant effect on current or future (i) business strategies or decisions, (ii) product plans or development or (iii) pricing (including, but not limited to credits, discounts, returns, allowances, rebates and charge backs);

or (c) was previously produced in a related matter with an OUTSIDE COUNSEL EYES ONLY designation.

The Parties intend that the OUTSIDE COUNSEL EYES ONLY designation will be used only under these limited circumstances.

1.7.    <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

1.8.    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material.

1.9.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it or another Party or Non-Party produces in disclosures or in responses to discovery as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY.

1.10.    <u>Protected Material</u>: any Discovery Material that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or as OUTSIDE COUNSEL EYES ONLY.

1.11.    <u>Outside Counsel</u>: attorneys, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks and investigators, who are not employees of a Party but who are retained to represent or advise a Party in this Action.

1.12.    <u>In House Counsel</u>: attorneys and other personnel employed by or on behalf of a Party to perform legal functions, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks and investigators.

1.13.    <u>Counsel (without qualifier)</u>: Outside Counsel and In House Counsel.

1.14.    <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not a current employee of a Party.

1.15.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, copying, organizing, filing, coding, converting, storing, retrieving data in any form or media or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system, etc.) who have been retained by a Party or its Counsel to provide litigation support services in this Action, and who are not current employees of a Party, and their employees and subcontractors.

## 2.   SCOPE OF PROTECTIVE ORDER

2.1.   This Order shall apply to all Discovery Material.

2.2.   Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

2.3.   The parties agree that this Stipulated Protective Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e), whereby the order (a) prohibits the parties from using or disclosing protected health information for any purpose other than the litigation or proceeding for which such information was requested and (b) requires the return to the covered entity or destruction of protected health information (including all copies made) at the end of the litigation or proceeding.

## 3.   CONFIDENTIALITY DESIGNATIONS (THREE-TIER)

3.1.   Each Party and any Non-Party shall have the right to designate any Discovery Material as confidential and subject to this Order, by marking such Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" in accordance with Paragraph 4 of this Order. It shall be the duty of the Party or Non-Party who seeks to invoke protection under this Order to give notice, as set forth below, of the Discovery Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL

EYES ONLY. The duty of the Parties and of all other persons bound by this Order to maintain the confidentiality of the Discovery Material so designated shall commence with such notice.

3.2.    CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material, shall include: (a) all copies, extracts and complete or partial summaries prepared from such CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize or reflect the content of any such CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material; (c) portions of briefs, memoranda or any other writings filed with the Court and exhibits thereto that contain, summarize or reflect the content of any such CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material; and (d) written discovery responses and answers that contain, summarize or reflect the content of any such CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material.

3.3.    CONFIDENTIAL, HIGHLY CONFIDENTIAL and OUTSIDE COUNSEL EYES ONLY Discovery Material shall not include: (a) information in the public domain at the time of disclosure, provided that if only part of the contents of particular CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material is in the public domain, the remaining contents shall remain subject to this Order; (b) information the Receiving Party can show was in its possession prior to the time of disclosure; (c) information that becomes a part of the public domain through no fault of a Receiving Party; or (d) information the Receiving Party receives from a Non-Party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure. The Receiving

Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria. Furthermore, Designating Parties will use reasonable care to avoid designating Discovery Materials that do not need to or cannot be designated as such.

3.4.    The Receiving Party may challenge a designation of CONFIDENTIAL, HIGHLY CONFIDENTIAL and OUTSIDE COUNSEL EYES ONLY Discovery Material in accordance with the provisions of Paragraph 7.

**4.    DESIGNATING MATERIALS AS "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" AND/OR "OUTSIDE COUNSEL EYES ONLY"**

4.1.    <u>Designating Documentary Discovery Material</u>. Any Party or any Non-Party may designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY under the procedures and standards set forth in this Order, and such Discovery Material shall be treated in accordance with the provisions of this Order.

4.2.    <u>Manner and Timing of Designations</u>. The designation of information as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY for purposes of this Order shall be made in the following manner:

a.    For information in documentary or digital image format the Designating Party shall affix a legend to each page or digital image that contains Protected Material. The legend shall include "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" adjacent to the Bates Numbers. The legend shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

b.    For Discovery Material produced in some form other than documentary or digital image, and for any other tangible items such as recordings, magnetic media, photographs and things, the Designating Party shall affix in a prominent place a legend substantially in the

above form to the Discovery Material, or a container for it, or in the electronic file name, in any

suitable and readily viewable manner.

c.      A Party or Non-Party that makes hard-copy documents or other Discovery

Materials available for inspection need not designate them for protection until after the

inspecting Party has indicated which documents or other Discovery Materials it would like

copied and produced. During the inspection and before the designation, and until and unless

produced without any confidentiality designation, all Discovery Materials made available for

inspection shall be deemed to be OUTSIDE COUNSEL EYES ONLY. After the inspecting

Party has identified the documents or other Discovery Material it wants copied and produced, the

Producing Party shall affix the appropriate legend on each page or other container, as

appropriate, that contains Protected Material.

d.      To the extent that any party or counsel for any party creates, develops or

otherwise establishes on any digital or analog machine-readable device, recording media,

computer, disc, network, tape, file, database or program information designated

CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY that

party and/or its counsel must take all necessary steps to ensure that access to such media is

properly restricted to those persons who, by the terms of this Order, may have access to

CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL ONLY

Information, and will affix to any media containing such information a label with the legend

provided for in Paragraph 4.2(a) above.

e.      In the case of interrogatory answers and responses to requests for

admissions, if appropriate, the following legend shall be placed on each page of interrogatory

answers or responses to requests for admission containing Protected Material: "CONTAINS

CONFIDENTIAL INFORMATION", "CONTAINS HIGHLY CONFIDENTIAL INFORMATION" or "CONTAINS OUTSIDE COUNSEL EYES ONLY INFORMATION".

    f.  For testimony given in a deposition, or other pretrial proceeding:

      (i)  Parties and deponents may, within 60 days after receiving a final transcript of a deposition, designate the transcript (and exhibits thereto) as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY to the extent the Party or deponent believes the transcript contains Protected Material. Such arguably CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY information within the deposition transcript may be designated by providing to all Parties and to the court reporter a copy of the transcript with the parts designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/orOUTSIDE COUNSEL EYES ONLY highlighted in yellow.

      (ii)  Until the expiration of the 60-day period during which such designations may be made, the entire deposition will be treated as subject to protection as HIGHLY CONFIDENTIAL under this Order, except for parts of the deposition transcript that discuss Discovery Material that has been previously designated, or are designated on the record during the deposition, as OUTSIDE COUNSEL EYES ONLY. If a designation is made, the CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 9 below.

      (iii)  If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY shall be afforded the same status.

4.3.    <u>Inadvertent Failures to Designate</u>. The inadvertent failure to designate particular Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY.  Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY in accordance with Paragraph 4.2 of this Order. A Receiving Party may challenge the correction and the fact of a late designation in accordance with Paragraph 7 of this Order, and until that challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY in accordance with the corrected designation. If no challenge is made, then within 5 calendar days of receipt of substitute copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such misdesignated Discovery Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. If the Discovery Material that was inadvertently not designated is, by the time of the later designation, filed with a court on the public record, the Party or Non-Party that failed to make the designation shall move for appropriate relief.

4.4.    <u>Increasing the Designation of Discovery Material Produced by Other Parties or Non-Parties</u>. Subject to the standards of Paragraphs 1.5 and 1.6, a Party may increase the designation (*i.e.*, change any Discovery Material produced without a designation to a designation

of "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY," designate any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" or designate any Discovery Material produced as "HIGHLY CONFIDENTIAL" to a designation of "OUTSIDE COUNSEL EYES ONLY") of any Discovery Material produced by any other Party or Non-Party, *provided* that said Discovery Material contains the Designating Party's own CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Information.

   a.  Increasing a designation shall be accomplished by providing written notice to all Parties, and the Producing Party if the Producing Party is a Non-Party, identifying (by Bates Number or other individually identifiable information) the Discovery Material whose designation is to be increased. Promptly after providing such notice, the Designating Party shall provide relabeled copies of the Discovery Material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation of Discovery Material pursuant to the procedures set forth in Paragraph 7 regarding challenging designations. If a challenge is made, the Designating Party shall bear the burden of establishing the basis for the increased designation, and until the challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY in accordance with the corrected designation.

b.      No Party shall be held in breach of this Order if, prior to notification of such later re-designation, the Protected Material was disclosed or used in a manner inconsistent with such later re-designation.

4.5.    Timing of Designation. Unless otherwise specified in Paragraph 4.4, any such Protected Material designation shall be made in good faith by the Designating Party and made at the time of disclosure, production or tender.

## 5.      DISCLOSURE AND USE OF DISCOVERY MATERIAL

5.1.    Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, and except as provided in Paragraph 5.5 below, each Party and all other persons bound by the terms of this Order shall use any Discovery Material produced or otherwise provided by a Party or Non-Party other than itself solely for purposes of litigating or attempting to settle any part of this Action. In no event shall such Discovery Materials be used for any business, competitive, personal, private, public purpose or for any purpose or proceeding other than as stated in this Paragraph. The attorneys of record for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purpose specified herein and (b) disclosed only to authorized persons.

5.2.    Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

5.3.     CONFIDENTIAL Discovery Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order and only to the following persons:

a.     any officer, director or employee of a Party who is required in good faith to provide material assistance in the conduct of this Action;

b.     Parties' In House Counsel;

c.     Outside Counsel for the Parties;

d.     this Court, or any other court exercising jurisdiction with respect to this Action, any appellate court(s), court personnel and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Action;

e.     any person designated by the Court upon such terms as the Court may deem proper;

f.     any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this Action;

g.     Experts and Consultants retained by the Parties to provide services in this Action. This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information;

h.     Professional Vendors retained by the Parties to provide services in this Action;

i.      a fact witness, at the witness's deposition in this Action, but only if counsel who discloses Protected Material to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action, and subject to the terms set forth in this Order regarding the use of Protected Material in depositions;

j.      the author, addressees or recipients of the document, or any current employee or Federal Rule of Civil Procedure 30(b)(6) witness of the Producing or Designating Party;

k.      (i) the person, or a current officer, director or employee of an entity that produced or originally created the Protected Material; (ii) any person who was an officer or employee of the Producing Party at the time the Protected Material was originally created, provided that the disclosing party has a good faith belief that the matters memorialized in the Protected Material were within the scope of employment of, or otherwise were known to, such person; (iii) any person who was an author, addressee or recipient of the Protected Material sought to be disclosed to that person; or (iv) any person expressly mentioned, discussed or referred to by actual name in the Protected Material as indicated on its face, *provided* that the disclosing party has a good faith belief that the matters memorialized in the Protected Material were within the scope of employment of, or otherwise were known to, such person; and

l.      others as to whom the Designating Party has agreed (or in the case of CONFIDENTIAL Discovery Material for which there are multiple Designating Parties, all Designating Parties have agreed) in writing or on the record.

5.4.    HIGHLY CONFIDENTIAL Discovery Material may be disclosed only to those persons described in Paragraphs 5.3 (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l). The Receiving Party also may designate no more than two individuals who meet the description provided in

Paragraph 5.3(a) and may disclose HIGHLY CONFIDENTIAL Discovery Material or information contained therein to those individuals *provided* that: (1) the Receiving Party provides advance notice to the Producing Party of the identities of the designated individuals; (2) the designated individuals are actively assisting in the Action; and (3) the designated individuals agree not to disclose at any time the HIGHLY CONFIDENTIAL Discovery Material or information contained therein to any officer, director, employee or person affiliated with a Party, unless that person is otherwise permitted to possess such HIGHLY CONFIDENTIAL Discovery Material under the terms of this Order. HIGHLY CONFIDENTIAL Discovery Material or information contained therein also may be disclosed to those persons described in Paragraph 5.3(b), *provided* that they are actively assisting in the Action, and agree not to disclose at any time the HIGHLY CONFIDENTIAL Discovery Material or information contained therein to any officer, director, employee or person affiliated with a Party, unless that person is otherwise permitted to possess such HIGHLY CONFIDENTIAL Discovery Material under the terms of this Order.

5.5.    OUTSIDE COUNSEL EYES ONLY Discovery Material may be disclosed only to those persons described in Paragraphs 5.3 (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l). Unless otherwise agreed to by the Parties, OUTSIDE COUNSEL EYES ONLY Discovery Material also may be disclosed to those persons described in Paragraph 5.3(b) under limited circumstances where (a) the Designating Party has agreed in writing or on the record to the disclosure; (b) the Receiving Party believes in good faith that there is a compelling need for those persons to review the particular OUTSIDE COUNSEL EYES ONLY Discovery Material; and (c) those persons are actively assisting in the Action, and agree not to disclose at any time the OUTSIDE COUNSEL EYES ONLY Discovery Material or information contained therein to any officer, director,

employee or person affiliated with a Party, unless that person is otherwise permitted to possess such OUTSIDE COUNSEL EYES ONLY Discovery Material under the terms of this Order. If the Designating Party does not agree in writing or on the record to the disclosure, Counsel for the Receiving Party shall apply for authorization under Paragraph 15.4 of the Protective Order, and on any such application, the Designating Party shall have the burden of showing that: (i) the Discovery Material satisfies the criteria for designation as OUTSIDE COUNSEL EYES ONLY; and (ii) consent to the disclosure sought was appropriately withheld.

5.6.    To the extent that OUTSIDE COUNSEL EYES ONLY Discovery Material is disclosed under Paragraph 5.5 to any natural person who is a former employee of the Producing or Designating Party, it may only be done provided that the former employee at the time of the disclosure is not employed by, an agent of or otherwise affiliated with a competitor, supplier or customer of the Producing or Designating Party, unless such former employee is authorized to receive the OUTSIDE COUNSEL EYES ONLY Discovery Material under Paragraph 5.3(j).

5.7.    This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 5.3(b) or 5.3(c), 5.4 and 5.5 from rendering advice to his or her client that is a Party with respect to this Action, and in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

5.8.    This Order shall not apply to and, thus, does not restrict any Party's use, for any purpose, of: (a) its own Protected Material or (b) any documents, things, information or other material that: (i) at the time of disclosure in this Action is publicly known through no

unauthorized act of such Party; (ii) was lawfully developed or obtained independent of discovery in this Action or (iii) was obtained or purchased by a Party from a Non-Party under a confidentiality or other non-disclosure agreement. The Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria. Any Party with material covered by provision 5.8(b)(ii) or (iii) may, at its election, designate all or any part of the material that otherwise meets the provision of Paragraph 1.4, 1.5 or 1.6 as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY for all purposes under this Order, and if so designated, the material shall be deemed Protected Material under this Order. For the avoidance of doubt, nothing in this Paragraph shall be construed to permit a Receiving Party to disclose Discovery Material that has been designated by another Party as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY except in accordance with Paragraphs 5.3, 5.4 or 5.5 of this Order.

5.9.    Notwithstanding any other part of this Order, no Party shall disclose any Discovery Material to any jury or trial consultant or to any participant in a mock jury proceeding pending agreement of the Parties or further Order of the Court.

## 6.    PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" AND "OUTSIDE COUNSEL EYES ONLY" INFORMATION

6.1.    Every person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the Protected Material or information is being disclosed pursuant and subject to the terms of this Order.

6.2.    Before disclosure of any Protected Material is made under Paragraphs 5.3, 5.4 or 5.5, the person to whom disclosure is to be made shall execute a copy of the Acknowledgement and Agreement to be Bound by Stipulated Protective Order ("Agreement") attached hereto as

Exhibit A; *provided* that: (a) persons in Paragraphs 5.3(c), (d) and (e) shall not be required to execute Exhibit A and (b) a witness at a deposition may state on the record under oath that he or she agrees to be bound by this Order to the same extent as provided for in Exhibit A.

6.3.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (c) request such person or persons to execute the Agreement attached as Exhibit A and (d) inform each Designating Party of the unauthorized disclosure.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.    <u>Application to strike designation</u>: Any Party challenging another Party's or person's designation of Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY (the "Challenging Party") may make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules, a motion or other appropriate application to the Court to strike the designation at any time. The Challenging Party shall provide written notice to the Designating Party, identifying the CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material whose designation it challenges and setting forth the basis for the challenge. Within 21 business days of its receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation. Failing such agreement or stipulation, the Challenging Party's motion or application regarding the challenged material shall be filed under seal and shall identify with specificity the CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material that is the subject

of the motion. If such a motion or application is made, the Designating Party may respond, and all Discovery Material so designated shall maintain its as-designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY status pending a determination by the Court as to its appropriate status. The Designating Party bears the burden to justify the designation challenged.

7.2.     Nothing in this Paragraph 7 shall limit the right of any Party to petition the Court for an in camera review of any Discovery Material.

## 8.     EXAMINATION OF WITNESSES

8.1.     The use of Protected Material at any deposition is subject to the limitations on disclosure provided in Paragraphs 5.3, 5.4 and 5.5.

8.2.     If a deposition witness is examined concerning Protected Material, the Designating Party shall have the right to exclude from the portion of the examination concerning such information any person not authorized in accordance with Paragraphs 5.3, 5.4 and 5.5 above to have access to such material.

## 9.     FILING CONFIDENTIAL DISCOVERY MATERIAL

9.1.     If either party desires to file anything with the Court that previously has been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, that party must move to file under seal, unless the Designating Party provides written consent in advance that filing the Protected Material under seal is unnecessary. Any such motion to file under seal shall be made in accordance with the rules of this Court. If the motion is granted, and to the extent not inconsistent with the rules of this Court, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. Only those portions of such documents and materials containing or reflecting Protected Material shall be considered CONFIDENTIAL, HIGHLY

CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY for the purposes of this Order. Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Protected Material contained or reflected in the document was so designated solely by that party.

## 10.   PROTECTED MATERIAL OFFERED AT TRIAL

10.1.   The use of Protected Material for the purpose of any hearing or proceeding that is open to the public will be the subject of future agreement or order as the need may arise.

10.2.   No fewer than 30 days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this Action, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY at trial. To the extent the Parties fail to agree on a proposal addressing the use of such Protected Material at trial, they may submit alternative proposals to the Court for resolution.

## 11.   UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

11.1.   If Protected Material is disclosed to anyone other than in a manner authorized by this Stipulated Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

11.2.   <u>Inadvertent or Unintentional Disclosure of Protected Material.</u> An inadvertent failure to designate Protected Material does not constitute a waiver of the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  A Designating Party that inadvertently fails to designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, or that misdesignates Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL

EYES ONLY pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or misdesignation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Those individuals who received the Discovery Material prior to notice of non- or misdesignation by the Supplying Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to either (a) sequester the document if the new designation is disputed; or (b) destroy or return to the law firm representing the Designating Party all copies of such misdesignated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the misdesignated Discovery Material prior to notice of the misdesignation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the misdesignated materials.

## 12.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

**12.1.**    If, in connection with this Action, information subject to a claim of attorney-client privilege, the common interest privilege, work product protection or other legally cognizable privilege or immunity is inadvertently disclosed ("Disclosed Privileged Information"), the disclosure of the Disclosed Privileged Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or other protection that a Party would otherwise be entitled to assert with respect to the Disclosed Privileged Information and its subject matter. **The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(l) and (2), and that this provision shall constitute an Order under Fed R. Evid. 502(d).**

12.2.    If a Producing Party becomes aware that it has inadvertently produced Disclosed Privileged Information, the Producing Party will promptly notify each Receiving Party in writing

of the inadvertent production. Within 10 business days of receipt of such notice, each Party to which such notice is directed: (a) must return, sequester or destroy the Disclosed Privileged Information and any copies; (b) must not use or disclose the Disclosed Privileged Information until the claim is resolved; (c) must take reasonable steps to recall the Disclosed Privileged Information if the Party disclosed it before being notified; and (d) must provide a written certification of counsel that all such Disclosed Privileged Information has been returned, sequestered or destroyed. Any notes or summaries referring or relating to any such Disclosed Privileged Information shall be destroyed or sequestered within the 10 business day period provided for.

12.3.   If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

12.4.   Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a "Privilege Motion"). Any Privilege Motion shall not assert as a ground for granting the motion the fact or circumstance of the production in this Action of the Discovery Material claimed to be privileged.

12.5.    The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Disclosed Privileged Information. Nothing in Paragraph 12 shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Privileged Information.

## 13.    OTHER PROCEEDINGS

If, at any time, any CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material in the possession, custody or control of any Party or person other than the Designating Party is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, before producing any CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Materials, the Party or person to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party. Should the Designating Party oppose the request for production of such documents or materials, the Party or person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party unless otherwise ordered by a court of competent jurisdiction. Other than the obligation to comply with these requirements, this Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

## 14.    CONCLUSION OF THE LITIGATION

14.1.    The provisions of this Order shall continue to be binding after final termination of this Action. Within 60 days after final conclusion of all aspects of this Action, including any appeals, any Party and all persons who received (or tendered to any other person) Discovery Material designated for CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY treatment (or any copy thereof) must, at the election of the Receiving

Party, either: (a) return such Protected Material to the Producing Party or (b) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) to whom Protected Material had been tendered has destroyed those documents and materials and the portions of all other material containing or reflecting Protected Material.

14.2.   The costs of return of Discovery Material to the Producing Party shall be borne by the Receiving Party. The costs of destruction of the documents and materials shall be borne by the Receiving Party. The costs associated with providing the aforementioned certification shall be borne by the certifying person(s).

14.3.   Counsel for the Parties shall be permitted to retain copies of court filings, papers served in connection with this Action, transcripts (including deposition transcripts), exhibits, correspondence and work product containing or reflecting CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Discovery Material. The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to litigation hold obligations; or (iii) are otherwise required by law to be retained. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

## 15.   OTHER

Non-waiver: Entering into, agreeing to and/or producing or receiving Protected Material or otherwise complying with the terms of this Stipulated Protective Order shall not:

a.   Operate as an admission by any Party that any Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.      Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Material;

c.      Prejudice in any way the rights of any party to object to the use, authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulated Protective Order;

d.      Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Protected Material should be subject to the terms of this Stipulated Protective Order;

e.      Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Protected Material; or

f.      Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

15.2.   <u>Additional Parties</u>: The terms of this Order shall be binding upon all current and future Parties to this Action, and to any other cases that may be established by the Court as part of this Action in the future, and their counsel. Following entry of this Order:

a.      within 10 days of (i) the entry of an appearance by a new plaintiff that elects to appear or to intervene in this Action, or (ii) the transfer of a complaint that arises out of the same operative facts alleged in any Consolidated Amended Complaint, plaintiff's counsel shall serve a copy of this Order on counsel for any new plaintiff;

b.      within 10 days of the entry of an appearance by a new defendant or third-party defendant in this Action, counsel for defendants shall serve a copy of this Order on counsel for any new defendant or third-party defendant.

15.3.   <u>Protection for Discovery Material Produced by Non-Parties</u>: Any Non-Party producing Discovery Material or giving deposition testimony in this Action shall adhere to this Order, unless they object, in writing to counsel for a Party and/or to the Court, to its terms within 10 days of service upon them of this Order. All counsel in this Action shall have the obligation to inform any Non-Party who produces Discovery Material or gives deposition testimony in this Action of the existence of this Order and, if requested, to provide a copy of this Order to such person.

15.4.   <u>Modification</u>: Stipulations may be made, between counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any Party from seeking an Order of the Court modifying or supplementing this Order.

15.5.   <u>Duration</u>: Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

15.6.   <u>Jurisdiction</u>: Any disputes relating to or arising under the terms of this agreement shall be brought in the United States District Court for the Southern District of New York.

Dated: July 9, 2020

**ROBBINS GELLER RUDMAN & DOWD LLP**

by  */s/ Luke O. Brooks*
    Luke O. Brooks
    Angel P. Lau
    Erika Oliver
    Ting H. Liu
    655 West Broadway, Suite 1900
    San Diego, CA 92101
    Telephone: 619/231-1058
    619/231-7423 (fax)
    lukeb@rgrdlaw.com
    alau@rgrdlaw.com
    eoliver@rgrdlaw.com
    tliu@rgrdlaw.com

    *Counsel for Plaintiff*

**CRAVATH, SWAINE & MOORE LLP**

by  */s/ Rory A. Leraris*
    David R. Marriott
    Kevin J. Orsini
    Rory A. Leraris
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019
    Tel: (212) 474-1000
    dmarriott@cravath.com
    korsini@cravath.com
    rleraris@cravath.com

    *Counsel for Defendants*

SO ORDERED.

Dated: July 9, 2020
    New York, New York

_____
J. PAUL OETKEN
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABU DHABI INVESTMENT AUTHORITY,

                  Plaintiff,

    vs.

MYLAN N.V. and MYLAN INC.,

                  Defendants.

Civil Action No. 1:20-cv-01342-JPO

<u>ORDER</u>

## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I,_____[print or type full name], _____

[print position of employment, firm name and full address],_____declare

under penalty of perjury that I have read in its entirety and understand the Protective

Order issued by the United States District Court for the Southern District of New York on

_____ (ECF No._____) in the action *Abu Dhabi Investment Authority v.*

*Mylan N.V.*, No. 1:20-cv-01342-JPO (the "Order").

    I agree to comply with and to be bound by all the terms of the Order.  I

understand that Discovery Material designated as CONFIDENTIAL, HIGHLY

CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY under the Order is being

provided to me pursuant to the terms of the Order. I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I promise that I will not disclose in any manner any information or item that is

subject to the Order to any person or entity except in strict compliance with the

provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this Action.

Dated: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____